NOT FOR PUBLICATION											CLOSED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
:
PAUL EDWARD COOMER,                   :
                                      :
       Plaintiff,              :   Civ. No. 06-3996 (JAP)
                                      :
  v.                                  :
                                      :   **OPINION**
MICHELLE R. RICCI et al.,             :
                                      :
       Defendants.             :
_____:

PISANO, District Judge.

      Plaintiff Paul Edward Coomer ("Plaintiff" or "Coomer") brought this *pro se* action against Michelle R. Ricci ("Ricci"), Acting Administrator of New Jersey State Prison ("NJSP"), the State of New Jersey and several unnamed defendants (together "Defendants") seeking redress under 42 U.S.C. § 1983 for allegations of inadequate medical care in violation of the Eighth Amendment. Currently before the Court is Coomer's Motion for a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(b), and Defendants' unopposed Motion for Summary Judgment *in Lieu of Answer*. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Court denies Plaintiff's Motion for a Preliminary Injunction and grants Defendants' Motion for Summary Judgment *in Lieu of Answer*.

I. **BACKGROUND**[1]

Coomer, a New Jersey Department of Corrections inmate since August 12, 1974, is presently incarcerated at NJSP in Trenton, where he is serving a life sentence. He suffers from asthma and chronic obstructive pulmonary disease, both of which he characterizes as life-threatening. In order to manage these conditions, Plaintiff requires the administration of Intermitten Positive Pressure Breathing ("IPPB") treatments "as needed and at least once daily." (Affidavit of Paul Edward Coomer ("Coomer Aff.") at ¶ 5). According to Coomer, however, the staff at NJSP frequently waits until the last possible moment to administer his treatments and the nurses at NJSP alter his treatments or refuse to treat him altogether.

Plaintiff further alleges that he nearly died on several occasions during 2006 because Defendants did not respond to Coomer's requests for medical attention in a timely fashion. (Coomer Aff. ¶¶ 4-5, 6-7, 12-15; Compl. ¶ 6). Prison medical records reveal that Plaintiff received medical treatment, including IPPB treatments, on several occasions during 2006, and that Plaintiff frequently refused treatment during the summer and fall of 2006. In addition to his respiratory conditions, Coomer suffers from an unspecified leg problem making it difficult for him to ambulate without the use of a cane and an orthopedic brace. Plaintiff asserts that, although he has express permission from prison officials to keep the cane in his cell, a corrections officer confiscated the cane on August 12, 2006. The following day, Coomer fell in his cell "injuring [his] head, [his] right arm and damaging the vertebrae in [his] neck." (Coomer Aff. ¶ 9). Plaintiff submitted a complaint concerning this matter, but a prison investigation

---

[1] Taking into account Coomer's *pro se* status and construing his submissions liberally, the Court's summary of the facts includes the allegations set forth in his Complaint, Motion for a Preliminary Injunction, and the supporting affidavit.

revealed that Coomer retained possession of the cane.  Plaintiff also asserts that the prison staff has placed him at risk of harm, in light of his orthopedic and respiratory conditions, by (1) moving him to an upper tier cell, which requires him to ascend stairs; and (2) forcing him to wear restraints that greatly inhibit his ability to ambulate.

On August 23, 2006, Plaintiff filed this § 1983 action alleging that Defendants have acted with deliberate indifference to his medical conditions and provided inadequate medical care in violation of his Eighth Amendment rights.  Coomer asks the Court to enter an order requiring Defendants to provide him with all necessary medical care.  Further, Plaintiff seeks compensatory damages in the amount of $350,000, as well as reimbursement of all costs associated with this litigation.  On April 2, 2007, Coomer filed a Motion for a Preliminary Injunction seeking substantially the same relief.  Defendants oppose Plaintiff's Motion for Preliminary Injunction on the grounds that Coomer is not entitled to the extraordinary remedy of injunctive relief because his claims lack merit.  Additionally, Defendants request that the Court grant summary judgment in their favor and dismiss Plaintiff's Complaint.  Coomer has not filed a response to Defendants' motion.

## II. DISCUSSION

### *A. Standard of Review under Federal Rule of Civil Procedure 56(c)*

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The substantive law identifies which facts are critical or "material."  *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. The non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

### B. Analysis

Plaintiff alleges, pursuant to 42 U.S.C. § 1983, that Defendants violated his Eighth Amendment rights by acting with deliberate indifference to his medical needs and failing to provide him with adequate and timely medical care. Defendants argue that Plaintiff's claims are legally deficient because (1) the Eleventh Amendment bars Coomer's claims against the State of New Jersey; (2) neither the State of New Jersey nor Ricci is subject to liability under § 1983 because they are not "persons" amenable to suit under the statute; (3) Ricci cannot be found liable under a respondeat superior theory; (4) Ricci was not deliberately indifferent to Coomer's

medical conditions; and (5) the doctrine of qualified immunity precludes Plaintiff's claims against Ricci.  The parties do not raise any factual disputes; thus, this action is ripe for summary adjudication.  As explained below, both the Eleventh Amendment and the Supreme Court's holding in *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) compel the Court to grant Defendants' Motion for Summary Judgment.  Having found that Defendants are entitled to judgment as a matter of law, the Court denies Coomer's Motion for a Preliminary Injunction.

The Eleventh Amendment precludes a federal court from exercising jurisdiction over an individual's claims against a state unless the state has waived its immunity or consented to suit.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).  This doctrine applies to Coomer's claims because "§ 1983 does not override a State's Eleventh Amendment immunity" and "a State is not a person within the meaning of § 1983."[2]  *Will*, 491 U.S. at 63, 64.  Thus, Coomer's § 1983 claims against the State of New Jersey fail as a matter of law.  *Id*. at 66 ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity.").

Plaintiff's § 1983 claims against Ricci, a state official, suffer from a similar flaw.

---

[2] 42 U.S.C. § 1983 states:
Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
(Emphasis added).

Although a state official is a person, "a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office." *Id.* at 71. Thus, a suit against a state official "is no different from a suit against the State itself." *Id.* In the instant case, Coomer asserts a § 1983 claim against Ricci in her official capacity as Acting Administrator of New Jersey State Prison. Consequently, his suit is against Ricci's "office" and must be dismissed under *Will* and the doctrine of sovereign immunity.

To the extent that Coomer's Complaint alleges a claim against Ricci in her personal capacity, the Eleventh Amendment jurisprudence embodied in the *Will* decision does not preclude the claim because "the state is not the real party in interest" in a suit against a state official in his or her personal capacity. *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990). In order to determine whether Coomer has asserted claims against Ricci in her personal capacity, the Court must look to Coomer's submissions and the "course of proceedings." *Id.* Even taking into account Plaintiff's *pro se* status, and construing his submissions liberally, the Court finds that Plaintiff has not asserted—or demonstrated an intent to assert—claims against Ricci in her personal capacity. Indeed, Coomer's Complaint, Motion for a Preliminary Injunction and supporting affidavit state that his claims are against Ricci as Acting Administrator of NJSP, and there is nothing in those submissions indicating an intent to bring suit against Ricci in her personal capacity. Further, Plaintiff filed no opposition to Defendants' summary judgment papers, which characterize his claims as against Ricci in her official capacity.

Moreover, even if Coomer did intend to sue Ricci in her personal capacity, such a claim would fail as a matter of law because it rests solely on a theory of respondeat superior. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability

6

cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Although allegations of actual knowledge and acquiescence can rise to the level of personal involvement, such allegations "must be made with appropriate particularity." *Id.* Plaintiff alleges in his Complaint that Ricci has personal knowledge of his medical conditions and need for treatment, but does not claim that Ricci has actual knowledge of, or has acquiesced in, the alleged refusal to provide Plaintiff with adequate and timely medical care. Coomer's failure to claim that Ricci was personally involved in the alleged deprivations of his Eighth Amendment rights demonstrates that his claim against Ricci is one of respondeat superior. Thus, even if Coomer's Complaint and other submissions, broadly construed, made out a § 1983 claim against Ricci in her personal capacity, Plaintiff could not recover for such a claim. *Id.*

### III.  CONCLUSION

For the reasons explained above, the Court grants Defendants' Motion for Summary Judgment *in Lieu of Answer* and denies Plaintiff's Motion for a Preliminary Injunction. An appropriate order accompanies this opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated:  July 19, 2007